IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT L. SMITH,  )<br>)<br>Petitioner, )<br>v. )<br>)<br>PERRY PHELPS, Warden, and )<br>JOSEPH R. BIDEN, III, Attorney )<br>General of the State of Delaware, )<br>)<br>Respondents. ) | Civil Action No. 09-02-GMS |

---

Robert L. Smith. *Pro se* petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

March 16, 2012
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Robert L. Smith ("Smith"). (D.I. 2) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2003, Smith was indicted for ten offenses.[1] In April, 2004, a Delaware Superior Court jury convicted Smith of one count of first degree assault, one count of second degree assault, and one count of possession of a deadly weapon during the commission of a felony, and acquitted him of two counts of attempted first degree murder and three counts of first degree reckless endangering. On August 25, 2004, the Superior Court sentenced Smith to twenty-nine (29) years at Level V, suspended after serving twelve and a half (12 1/2) years for varying levels of probation. *See* (D.I. 13, *State v. Smith*, IK03-05-0647-R1;0648-R1; 0653-R1; and 0063-R1, Order (Del. Super. Ct. June 18, 2008)). Smith did not appeal his convictions or sentences to the Delaware Supreme Court.

On November 12, 2004, Smith filed a motion for reduction of sentence pursuant to Delaware Superior Court Criminal Rule 35(b). The Superior Court denied the Rule 35(b) motion on January 28, 2005, and Smith did not appeal that decision. *See State v. Smith*, Del. Super. ID No. 0304017352A, Order (Jan. 28, 2005).

On August 29, 2006, Smith filed a motion for post-conviction relief pursuant to Delaware

---

[1]On August 12, 2004, Smith pled guilty to the severed charge of possession of a deadly weapon by a person prohibited.

1

Superior Court Criminal Rule 61 ("Rule 61 motion") alleging the ineffective assistance of counsel for failing to file a direct appeal. After holding an evidentiary hearing on Smith's Rule 61 motion and reviewing post-hearing memoranda, the Superior Court denied the Rule 61 motion as meritless on June 18, 2008. The Delaware Supreme Court affirmed that judgment on November 10, 2008. *See Smith v. State*, 962 A.2d 257 (Table), 2008 WL 4853441 (Del. Nov. 10, 2008).

Smith's federal habeas petition, dated December 30, 2008, asserts two claims for relief: (1) defense counsel provided ineffective assistance by failing to file a direct appeal; and (2) the Delaware state courts did not provide him with a full and fair hearing on his Rule 61 motion. The State contends that the court should dismiss the petition in its entirety as time-barred. (D.I. 11) Alternatively, the State contends the court should deny claim one for failing to satisfy § 2254(d) and claim two as procedurally barred. *Id*.

In response, Smith contends that the one-year limitations period should be equitably tolled due to defense counsel's failure to file a direct appeal. (D.I. 15)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 24, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the

2

expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Smith's petition, dated December 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Smith does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Smith's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Smith on August 25, 2004, and he did not appeal that decision. Therefore, his judgment of conviction became final on September 24, 2004. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal).

Applying the one-year limitations period to September 24, 2004, Smith had to file his

§ 2254 petition by September 26, 2005.[2] *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions). Smith, however, did not file his habeas petition until December 30, 2008,[3] more than three full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The court will discuss each doctrine in turn.

## B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during the one-year limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, when Smith filed his Rule 35(b) motion for reduction of sentence on November 12, 2004, forty-eight (48) days of AEDPA's limitations period had already expired. The Superior Court denied the Rule 35 motion on January 28, 2005, and Smith did not appeal that decision. Consequently, the Rule 35 motion tolled the limitations period from November 12, 2004 through February 27,

---

[2] AEDPA's one year limitations period ended on September 24, 2005, which was a Saturday. Therefore, the filing period extended through the end of the day on Monday, September 26, 2005. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Here, the court adopts December 30, 2008 as the filing date because it is the date listed in Smith's certificate of mailing. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

4

2005, which includes the thirty (30) day appeal period.[4] The limitations clock started to run again on February 28, 2005, and continued to run without interruption until it expired on January 3, 2006.

Based on the foregoing analysis, Smith's Rule 61 motion has no statutory tolling effect because it was filed in August 2006, well after the expiration of the limitations period in January 2006. Therefore, even with statutory tolling, Smith filed the instant petition almost three years too late. Accordingly, the petition is time-barred unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562. Equitable tolling is not available where the late filing is due to the petitioner's

---

[4]In the past, the court would have followed the analysis articulated by the Third Circuit in *Hartmann v. Carroll*, 492 F.3d 478 (3d Cir. 2007), to determine if Smith's Rule 35 motion triggers § 2244(d)(2) tolling. For instance, according to *Hartmann*, motions for modification and/or reduction of sentence filed pursuant to Delaware Superior Court Criminal Rule 35(a) can only trigger statutory tolling by alleging some illegality in the petitioner's sentencing or conviction, whereas Rule 35(b) motions seeking a modification of sentence purely on leniency grounds cannot trigger statutory tolling. *Id.* at 482.

However, the United States Supreme Court recently rejected the type of bifurcated analysis articulated in *Hartmann*. *See Wall v. Kohli*, _ U.S. _, 131 S.Ct. 1278, 1286-88 (2011). After defining the term "collateral review" contained in § 2244(d)(2) as "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process," the *Wall* Court held that a post-conviction motion to reduce sentence filed under Rhode Island law triggers § 2244(d)(2) tolling because the motion is not part of the direct review process and requires the state court to reexamine the appropriateness of the prisoner's sentence. *Wall*, 131 S.Ct. at 1285-87.

The Third Circuit has not had an opportunity to review Delaware's sentence modification /reduction procedure in light of *Wall*. Nevertheless, applying the reasoning articulated in *Wall* , the court will treat Smith's Rule 35 motion as one that triggers statutory tolling.

5

excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Smith alleges that the court should equitably toll the limitations period because his defense counsel failed to file a direct appeal. In non-capital cases, however, only egregious attorney error constitutes an extraordinary circumstance for purposes of equitable tolling. *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). "Egregious error" includes instances where an attorney affirmatively deceives the petitioner about filing a direct appeal, or where the attorney persistently neglects the petitioner's case. *Id.*

To determine if defense counsel's conduct constituted "egregious error," the court turns to the transcript of the Superior Court's Rule 61 evidentiary hearing, which was held for the purpose of determining why an appeal was not filed. During the hearing, counsel testified that she advised Smith of his right to appeal after his trial, but that she told him there was no reason to file an appeal because they had prevailed on the most serious charges of attempted murder and reckless endangering in the first degree. Counsel also testified that Smith never asked her to file an appeal and, if he had, she would have filed one under Delaware Supreme Court Rule 26(c). (D.I. 13 at Exh. G, State's Motion to Affirm in *Smith v. State*, No.326, 2008)

Thereafter, the Superior Court Commissioner questioned counsel about two letters. The first letter was from Smith to counsel, dated September 16, 2004, and provided, in relevant part:

6

> First, I would like to say I pray that this letter finds you in the best of health and spirits.
>
> Ms. Rush-Milstead, I was hoping to hear from you by now since you said that you would write at sentencing on August 25, 2004. Well, anyway, I was wondering if you put in an appeal? If so, could you please send me a copy of my transcripts? Also, could you tell me why I was given Level V time for the charge that was severed from the charges I went to trial for?

*Id.* at Exh. 1. The second letter was defense counsel's response, dated October 26, 2004, and provided, in relevant part:

> I must say I was quite surprised to receive your letter dated 9.16.04 asking about an appeal. I remember quite distinctly meeting with you on the date of your sentencing and discussing this very issue.
>
> First of all, we discussed the Not Guilty verdicts returned by the jury on all of the charges which we disputed during trial. The only guilty verdicts returned by the jury were on the charges which we admitted. Since we prevailed at trial, there is no reason to file an appeal. You only appeal when you lose at trial.

*Id.* at Exh. 2. The Commissioner asked counsel if she had received any further correspondence from Smith regarding his direct appeal, to which she responded negatively. In fact, counsel explained that the only other correspondence she received from Smith was a letter dated September 20, 2006 asking her to try to get him a lesser sentence, and a thank you card from Smith that she received shortly after the verdict in August 2004.

Smith's testimony during the Rule 61 hearing did not contradict his trial counsel's recollections. Smith explained that he wrote his September 2004 letter because, at one point during the trial, counsel told him that a "Rule 609" issue was appealable.[4] Smith also indicated

---

[4]Smith had a prior conviction for involuntary manslaughter out of Pennsylvania. (D.I. 13 at Exh. G, State's Motion to Affirm in *Smith v. State*, No.326, 2008) The "Rule 609" issue appears to involve the interplay between Smith's right to testify and Delaware Rule of Evidence 609. From what the court can perceive, Smith waived his right to testify because counsel advised him that his prior Pennsylvania conviction could have been used to impeach his credibility under D.R.E. 609. *Id.* at 12-13. During the Rule 61 evidentiary hearing, Smith indicated his

7

that counsel should have filed an appeal to allege that his indictment was defective. Notably, Smith did not testify that he ever expressed an interest in appealing these issues after the trial or that counsel affirmatively stated she was going to file an appeal or that she had filed an appeal.[5] Based on this record, the court concludes that counsel's failure to file a direct appeal does not warrant equitable tolling because this conduct did not amount to an "egregious error."

Moreover, even if defense counsel's conduct should be treated as an extraordinary circumstance, Smith has failed to demonstrate that he exercised the level of diligence in pursuing relief that is necessary to warrant equitable tolling. By late October 2004, Smith knew that counsel had not filed an appeal, yet he did not contact counsel again until September 20, 2006. Even when Smith did send counsel a letter in September 2006, the letter did not mention counsel's failure to file a direct appeal; rather, Smith asked that counsel "come to an agreement" in getting his sentence reduced, in exchange for which he would withdraw his Rule 61 motion. *Id.* at Exh. B.

Additionally, even though Smith filed a Rule 35 motion shortly after discovering that counsel did not file a direct appeal, he waited approximately one year and seven months from the denial of that motion to file a Rule 61 motion, and approximately three years after that denial to file the instant § 2254 petition. Smith has not provided any reason for these delays. In the court's view, such "unaccounted-for delay[s]" indicate a lack of diligence that renders equitable

---

dissatisfaction with his decision to waive his right to testify because he believed his testimony would have helped his "case out a little better." *Id.* at 14.

[5]Contrary to Smith's assertion, his September 16, 2004 letter did not directly ask counsel to file an appeal, or indicate that he wanted her to file an appeal. Rather, Smith's letter asked if counsel had filed an appeal and, if she had, he requested that she send him a copy of his transcripts.

8

tolling inappropriate. *See Mahmood v. Gonzales*, 427 F.3d 248, 252-53 (3d Cir. 2005).

And finally, to the extent Smith simply miscalculated AEDPA's filing deadline, it is well settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse a prompt and timely filing. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to Smith on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[6]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

---

[6]Having determined that the petition is time-barred, the court will not address the State's alternative reason for denying the petition.

9

constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Smith's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT L. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 09-02-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, Attorney | ) | |
| General of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Robert L. Smith's petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 2)

2. Smith's motion for a scheduling order is **DENIED** as moot. (D.I. 19)

3. The court declines to issue a certificate of appealability because Smith has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: March 16, 2012

CHIEF, UNITED STATES DISTRICT JUDGE